The court
(all the judges present, except Lee, J, sick)
were .clear, that the provisions of the habeas corpus »ci, ex’end only to persons actually in prison, ai d inn to persons under reeog izwnce, and at large upon bail: and that it was in the* discretion oi the Court, to continue die recognizance from court to court, urtil evj. deuce could be procured to lay before the grand jury, if it should appear to be necessary for tfie public good.
Motion refused.
Note. The words of the habeas corpus act, are, “ If a person is committed for treason or felony specially expressed, yet if he sha h in opfen court, he first-week of the term, or first day of assize, petition to be tried, and shall ,ot lie indicted some time in the next term or assize, after the commitment, he shall, upon motion, the last day of the term, or assize, be bailnt, unless i. shall ap| ear to the judge, upon oath, that the King’s witness' s could not he p.-educed within that time; and then if he. is not tried m the second lertn, oj assize, he shall be discharged from his imprisonment ” See L 23 2 Hawk. ch. 15 3 Vin. Abr. Tit. Bail, H. a. Hale, P t. 99 2 Inst 189.
Quiere. Suppose the bail ha ’ delivered the defendant up at the second court, snd had refused to be any longer bound for him?